## Mississippi Electronic Courts
## Twenty-First Circuit Court District (Yazoo Circuit Court)
## CIVIL DOCKET FOR CASE #: 82CI1:23-cv-00011

TYSON v. WAL-MART STORES EAST, LP
Assigned to: Jannie M. Lewis-Blackmon

**Upcoming Settings:**

None Found

Date Filed: 03/22/2023
Current Days Pending: 65
Total Case Age: 65
Jury Demand: Plaintiff
Nature of Suit: Premises Liability (187)

---

**Plaintiff**

**JANET TYSON**
2443 Old Dover Rd
Bentonia, MS 39040

represented by **Harry Merritt Mccumber**
Morgan & Morgan PLLC
4450 Old Canton Road, Suite 200
JACKSON, MS 39211
601-718-0934
Fax: 601-949-3399
Email: hmccumber@forthepeople.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WAL-MART STORES EAST, LP**
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

represented by **Thomas M. Louis**
300 Concourse Blvd ste200
RIDGELAND, MS 39157
601-605-6932
Fax: 601-605-6901
Email: tlouis@wellsmar.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2023 | 1 | Civil Cover Sheet ($160.00pd Rec# 024). (Collins, Crystal) (Entered: 03/22/2023) |
| 03/22/2023 | 2 | COMPLAINT (Jury Trial Requested) against WAL-MART STORES EAST, LP, JOHN DOES 1-10, filed by JANET TYSON. (Collins, Crystal) (Entered: 03/22/2023) |
| 03/22/2023 | 3 | SUMMONS Issued to WAL-MART STORES EAST, LP And Returned To RUNNER For ATTY For Service. (Collins, Crystal) (Entered: 03/22/2023) |
| 03/27/2023 | 4 | SUMMONS Returned Executed by JANET TYSON. WAL-MART STORES EAST, LP served on 3/23/2023, answer due 4/22/2023. Service type: Personal (Mccumber, Harry) (Entered: 03/27/2023) |

| 04/05/2023 | 5 | ANSWER to 2 Complaint by WAL-MART STORES EAST, LP. (Louis, Thomas) (Entered: 04/05/2023) |
|---|---|---|
| 04/05/2023 | 6 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiff, Janet Tyson, NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiff, Janet Tyson, NOTICE OF SERVICE of Request for Admissions Propounded to Plaintiff, Janet Tysonby WAL-MART STORES EAST, LP. (Louis, Thomas) (Entered: 04/05/2023) |
| 05/04/2023 | 7 | NOTICE OF SERVICE of Responses to Request for Admissions by JANET TYSON. (Mccumber, Harry) (Entered: 05/04/2023) |

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| 8 2 County # | C I Judicial District | I O Court ID (CH, CI, CO) | 2 0 2 3 | / / |
| | | | | Local Docket ID |

Month 0 | Date 3 2 2 2 3 | Year

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01 (Rev 2020)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the CIRCUIT    Court of YAZOO    County —    Judicial District

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** Tyson (Last Name)    Janet (First Name)    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff** 2443 Old Dover Rd., Bentonia, MS 39040

**Attorney (Name & Address)** Harry McCumber, Morgan & Morgan, 4450 Old Canton Rd., Jackson, MS 3921    **MS Bar No.** 10632

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** (Last Name) (First Name) Maiden Name, if applicable M.I. Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business** Wal-Mart Stores East, LP

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**    **MS Bar No.**

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [X] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

**JANET TYSON**                                                                                      **PLAINTIFF**

**VS.**                                                                      CAUSE NO. _CI 23-11_

**WAL-MART STORES EAST, LP;**
**AND JOHN DOES 1-10**                                                                         **DEFENDANTS**

### COMPLAINT
### (JURY TRIAL REQUESTED)

**COMES NOW,** the Plaintiff, Janet Tyson, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this Complaint against Wal-Mart Stores East, LP, and John Does 1-10 (sometimes herein referred to as "Defendants"), and in support thereof states as follows:

### I.  PARTIES

1.      The Plaintiff is an adult resident citizen of Yazoo County, Mississippi and presently resides at 2443 Old Dover Road, Bentonia, Mississippi 39040.

2.      The Defendant, Wal-Mart Stores East, LP., is a foreign Limited Partnership incorporated in the State of Delaware, with its principal place of business located at in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.      Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendants and/or other persons, entities, and/or corporations that were in some manner negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

## II.  JURISDICTION AND VENUE

4.      This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Yazoo County, Mississippi, and the cause of action occurred and/or accrued in Yazoo County, Mississippi.

## III.  FACTS

5.      The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6.      At all times material hereto, the Defendant was the owner and in possession of that certain business located at 2129 Grand Ave. Yazoo City, Mississippi 39194 in Yazoo County, Mississippi and open to the general public including the Plaintiff herein.

7.      At all times mentioned in this Complaint, the Defendant invited the general public, including the Plaintiff, to enter the Defendant's store for reasons mutually advantageous to both the Defendant and Plaintiff.

8.      On or about March 13, 2021, Plaintiff, Janet Tyson, was an invitee on property located at 2129 Grand Ave. Yazoo City, Mississippi 39194.  Ms. Tyson was shopping in the garden section when suddenly and without warning, she was struck by an employee driving a forklift which was carrying 50-pound bags of birdseed on pallets.  The bags fell on the Plaintiff causing injuries to her neck, back, both shoulders and left hip pain as a direct result of the Defendant's negligence.

### COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST THE DEFENDANT, WAL-MART STORES EAST, LP

9.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

10.    At said time and place, the Defendant, as owner and/or operator of the premises, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangers not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, to correct any such dangerous conditions that were not visible to invitees including the Plaintiff, and to operate forklifts in a safe manner.

11.    At said time and place, the Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain proper look out while driving a forklift in the garden area, thus creating a hazard to business invitees utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

b)    Negligence by failing to instruct employees regarding the proper operation of a forklift in a reasonably attentive manner which caused bodily injuries to the Plaintiff.

c)    Negligence by failing to avoid the accident and causing bags of bird seeds to fall from the pallet hitting the Plaintiff, thus causing injuries.

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the forklift, when Defendants knew or through the exercise of reasonable care should have known that operation of the forklift created an unreasonably dangerous condition, and that Plaintiff was unaware of same.

e)    Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition regarding the operation of the forklift, when said condition was either known to the Defendant or had existed for a sufficient length of time such that the Defendant should have known of same had the Defendant exercised reasonable care.

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of properly operating the forklift in the garden section.

g)    Negligently failing to train and/or inadequately training its employees to properly operate the forklift in the garden section.

h)    Negligently failing to follow its own corporate policy(ies) regarding the operation of a forklift.

3

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may exist in and around the store, including the proper operation of a forklift despite knowledge of prior incidents at the subject location or other dangerous conditions that were not timely identified by the Defendant's employees and corrected/remedied or for which notice was not given to business invitees on the premises.

j)      Negligently failing to assign specific associates/employees to the task of solely monitoring the subject premises for dangerous conditions, including the proper operation of a forklift and correcting/remedying said conditions and/or warning guests of said conditions around the garden section of the store.

k)      Negligently failing to act reasonably under the circumstances.

l)      Negligently engaging in a mode of operations when the Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to invitees, including the Plaintiff herein.

**COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WAL-MART STORES EAST, LP**

12.     Plaintiff reasserts and realleges the allegations contained within paragraphs one

(1) through eight (8) as if fully set forth herein.

a)      Negligently failing to maintain proper look out while driving a forklift in the garden area, thus creating a hazard to business invitees utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

b)      Negligence by failing to instruct employees regarding the proper operation of a forklift in a reasonably attentive manner which caused bodily injuries to the Plaintiff.

c)      Negligence by failing to avoid the accident and causing bags of bird seeds to fall from the pallet hitting the Plaintiff, thus causing injuries.

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the forklift, when Defendants knew or through the exercise of reasonable care should have known that operation of the forklift created an unreasonably dangerous condition, and that Plaintiff was unaware of same.

e)      Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition regarding the operation of the forklift, when said condition was either known to the Defendant or had existed for

a sufficient length of time such that the Defendant should have known of same had the Defendant exercised reasonable care.

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of properly operating the forklift in the garden section.

g)      Negligently failing to train and/or inadequately training its employees to properly operate the forklift in the garden section.

h)      Negligently failing to follow its own corporate policy(ies) regarding the operation of a forklift.

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may exist in and around the store, including the proper operation of a forklift despite knowledge of prior incidents at the subject location or other dangerous conditions that were not timely identified by the Defendant's employees and corrected/remedied or for which notice was not given to business invitees on the premises.

j)      Negligently failing to assign specific associates/employees to the task of solely monitoring the subject premises for dangerous conditions, including the proper operation of a forklift and correcting/remedying said conditions and/or warning guests of said conditions around the garden section of the store.

k)      Negligently failing to act reasonably under the circumstances.

l)      Negligently engaging in a mode of operations when the Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to invitees, including the Plaintiff herein.

13.      At said time and place, the Defendant owned, controlled, and/or possessed the business premises and the forklift involved in this incident.

14.      At said time and place, and by virtue of ownership, control, and/or possession of the premises, the Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.      Further, the Defendant was negligent through the actions and inactions of its agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

a)     Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in and around the premises, and the inspection and monitoring of potential dangers;

b)     Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions on the premises and safe operation of the forklift;

c)     Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

d)     Other acts of negligence to be shown at the trial of this cause.

16.     As a result, Plaintiff, Janet Tyson, suffered injuries to her neck, back, both shoulders and left hip pain as a direct result of the Defendant's negligence.

17.     Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

a.     past, present, and future physical pain and suffering;

b.     past, present, and future medical expenses;

c.     past, present, and future loss of enjoyment of life;

d.     past, present and future mental and emotional pain and suffering;

e.     permanent physical restrictions, limitations, and/or disability;

f.     loss of earning; and

g.     any other damages allowed by Mississippi law.

## **PRAYER OF RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Janet Tyson, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be

incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the

Court may deem proper.

RESPECTFULLY SUBMITTED, this the 17ᵗʰ day of March, 2023.

JANET TYSON, PLAINTIFF

BY:    _____

HARRY M. McCUMBER


OF COUNSEL:

MORGAN & MORGAN, PLLC
HARRY M. McCUMBER (MSB#10632)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Facsimile: (601) 503-1650
Email: hmccumber@forthepeople.com

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

JANET TYSON                                                                    **PLAINTIFF**

VS.                                                    CAUSE NO.: *CI 23-11*

WAL-MART STORES EAST, LP;
AND JOHN DOES 1-10                                                          **DEFENDANTS**

<u>SUMMONS</u>

TO:    Wal-Mart Stores East, LP
       C.T. Corporation System, Registered Agent
       645 Lakeland East Drive, Suite 101
       Flowood, MS or wherever found.

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry McCumber, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this *22nd* day of *March*, 2023.

**HON. ROBERT COLEMAN, CLERK**
**YAZOO COUNTY CIRCUIT COURT**

By: _____, D.C.

## PROOF OF SERVICE

TO:    Wal-Mart Stores East, LP
       C.T. Corporation System, Registered Agent
       645 Lakeland East Drive, Suite 101
       Flowood, MS or wherever found.

I, the undersigned process server, served the Summons/Complaint upon the person or entity named above in the matter set forth below.

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. form 1B)

___X___ **PERSONAL SERVICE.** I personally delivered copies of the Summons/Complaint to C.T. Corporation System on the 23 day of March, 20 23 where I found said person(s) in Rankin County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons/Complaint on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (husband, wife, son, daughter, etc.), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside/inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused").

At the time of service, I was at least 18 years of age and not a party to this action.

NAME:    **Eagle Eye Investigations &**
         **Security, LLC**
ADDRESS: _____
         P.O. Box 1085 Terry, Ms. 39170
TELEPHONE: 601-291-2321

**STATE OF MISSISSIPPI**
**COUNTY OF** Hinds

Personally, appeared before me the undersigned authority in and for the state and county aforesaid, the within named Natalie Ra _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

Natalie Rahn _____    **Process Server (signature)**

Sworn to and subscribed before me this the _____ day of March, 20 23.

My Commission Expires: _____

_____

STATE OF MISSISSIPPI
JIMMY R. PACE
NOTARY PUBLIC
ID No. 118155
Commission Expires
November 1, 2024
HINDS COUNTY

_____
Notary Public

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

JANET TYSON                                                                    **PLAINTIFF**

VS.                                                      **CAUSE NO.:** *CI 23-11*

WAL-MART STORES EAST, LP;
AND JOHN DOES 1-10                                                          **DEFENDANTS**

### SUMMONS

TO:    Wal-Mart Stores East, LP
       C.T. Corporation System, Registered Agent
       645 Lakeland East Drive, Suite 101
       Flowood, MS or wherever found.

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry McCumber, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this *22nd* day of *March*, 2023.

HON. ROBERT COLEMAN, CLERK
YAZOO COUNTY CIRCUIT COURT

By: *Crystal Hall*, D.C.

**IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI**

JANET TYSON                                                                              **PLAINTIFF**

VS.                                                                        **CAUSE NO. CI-23-11**

WAL-MART STORES EAST, LP;
AND JOHN DOES 1-10                                                  **DEFENDANTS**

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>

COMES NOW Defendant Wal-Mart Stores East, LP ("Defendant" or "Walmart"), by and through counsel of record, and file this their Answer and Affirmative Defenses as follows:

<u>**First Defense**</u>

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

<u>**Second Defense**</u>

Defendant asserts the defenses of insufficiency of process and insufficiency of service of process.

<u>**Third Defense**</u>

The claims alleged herein against Defendant is barred by the applicable statute of limitations.

<u>**Fourth Defense**</u>

And now answering the Complaint paragraph by paragraph, Defendant would state as follows:

**I.  <u>PARTIES</u>**

1.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and, therefore, same are denied.

2.      It is admitted that Wal-Mart Stores East, LP, is a foreign limited partnership and that its registered agent is CT Corporation.  Any remaining allegations are denied.

3.      Denied.

## II.  JURISDICTION AND VENUE

4.      Although the allegations of Paragraph 4 of the Complaint state legal conclusions to which no response is required, Defendant denies the allegations contained therein and demand strict proof thereof.

## III.  FACTS

5.      Defendant adopts and incorporates their answers to all preceding paragraphs as if set forth in full herein.

6.      It is admitted that Defendant operates the Walmart store located at 2129 Grand Avenue, Yazoo City, Mississippi 39194.  All remaining allegations are denied.

7.      Denied.

8.      Denied.

## COUNT I - CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, WAL-MART STORES EAST, LP

9.      Defendant adopts and incorporates their answers to all preceding paragraphs as if set forth in full herein.

10.      Denied.

11.      The allegations of Paragraph 11, including subparagraphs a) through l), are denied.

2

## COUNT II - CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WAL-MART STORES EAST, LP

12.    The allegations of Paragraph 12, including subparagraphs a) through l), are denied.

13.    It is admitted only that Defendant Walmart operates the subject premises.  All remaining allegations are denied.

14.    Denied.

15.    The allegations of Paragraph 15, including subparagraphs a) through d), are denied.

16.    Denied.

17.    The allegations of Paragraph 17, including subparagraphs a) through g), are denied.

## PRAYER FOR RELIEF

The allegations in the  unnumbered paragraph following Paragraph 17, entitled, "PRAYER OF RELIEF" and beginning"WHEREFORE," are denied. Defendants specifically deny that the Plaintiff is entitled to damages for actual, compensatory, consequential and incidental damages for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; special damages, attorney fees, costs, or to any judgment or for any sums whatsoever of and from the Defendant.

## Fifth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of third parties for which Defendant is not responsible.

## Sixth Defense

The injuries and damages alleged by the Plaintiff are the result, in whole or in part, of the negligence of the Plaintiff for which Defendant is not responsible. Defendants assert the provisions and protections of Miss. Code Ann. § 11-7-15 (1972).

## Seventh Defense

The injuries and damages alleged by the Plaintiff are the result in whole or in part to pre-existing conditions, for which Defendant is not responsible.

## Eighth Defense

Plaintiff failed to mitigate her damages and is accordingly barred from recovery to the extent of the failure to mitigate.

## Ninth Defense

Pursuant to the laws of the State of Mississippi, Defendant is entitled to apportionment of liability for third parties whose acts in whole or in part caused the alleged damages and injuries of the Plaintiff.

## Tenth Defense

Defendant affirmatively pleads Miss. Code Ann. § 85-5-7.

## Eleventh Defense

Defendant seek all remedies and protections provided to it pursuant to Miss. Code Ann. §§ 11-1-60 and 11-1-65.

## **Twelfth Defense**

Plaintiff failed to obtain *in personam* jurisdiction.

## **Thirteenth Defense**

The Plaintiff assumed the risk, if any, which may have existed.

## **Fourteenth Defense**

Defendant reserves all defenses, including Rule 12(b) defenses and Rule 8(c) of the Mississippi Rules of Civil Procedure, which may be available to them.

## **Fifteenth Defense**

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

## **Sixteenth Defense**

The Complaint fails to name indispensable parties.

## **Seventeenth Defense**

Defendant objects to the venue and to the jurisdiction of this Court over the subject matter and over the person and/or property of Defendant.

## **Eighteenth Defense**

Any alleged danger was open and obvious to the Plaintiff.

**Nineteenth Defense**

Defendant had no notice, either actual or constructive, of any alleged dangerous condition and no opportunity to cure the same, if indeed such a dangerous condition existed, which is denied.

**Twentieth Defense**

Defendant would show that any injuries sustained by Plaintiff were the result of an unavoidable accident.

**Twenty-first Defense**

Defendant would show that Plaintiff was negligent by failing to exercise reasonable care at the time of the alleged accident resulting in the alleged injuries to Plaintiff.

**Twenty-second Defense**

Defendant would show that any injuries sustained by Plaintiff were the result of an unavoidable accident.

**Twenty-third Defense**

Defendant affirmatively pleads their rights under Mississippi Code Ann. § 11-1-69 with respect to the ban on hedonic damages.

**Twenty-fourth Defense**

Defendants plead all protections afforded by the "Landowner's Protection Act," Miss. Code Ann. § 11-1-66.1.

Accordingly, Defendant Wal-Mart Stores East, LP demands that the Complaint be dismissed with all costs assessed to the Plaintiff.

**DEFENDANT DEMANDS TRIAL BY JURY**

THIS the 5th day of April, 2023.

**WAL-MART STORES EAST, INC.**

By:  */s/ Thomas M. Louis*
Thomas M. Louis  (MSB No. 8484)
Rajita Iyer Moss (MSB No. 10518)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
tlouis@wellsmar.com
rmoss@wellsmar.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed using the court's ECF system, which

should have automatically emailed a copy to:

Harry M. McCumber
Morgan & Morgan, PLLC
4450 Old Canton Road, Ste. 200
Jackson, MS 39211
hmccumber@forthepeople.com

This the 5th day of April, 2023.

*/s/ Thomas M. Louis*
Thomas M. Louis

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

**JANET TYSON**                                                                         **PLAINTIFF**

**VS.**                                                                    **CAUSE NO. CI-23-11**

**WAL-MART STORES EAST, LP;**
**and JOHN DOES 1-10**                                                      **DEFENDANTS**

### NOTICE OF SERVICE OF DISCOVERY

TO:    Harry M. McCumber
       Morgan & Morgan, PLLC
       4450 Old Canton Road, Ste. 200
       Jackson, MS 39211
       hmccumber@forthepeople.com
       *Attorney for Plaintiff*

      NOTICE IS HEREBY GIVEN that Defendant, Wal-Mart Stores East, LP ("Walmart"), has

this date served, via electronic mail delivery, in the above-entitled action the following:

      **1.**      **Walmart's First Set of Interrogatories Propounded to Plaintiff;**

      **2.**      **Walmart's First Set of Requests for Production of Documents Propounded to Plaintiff; and**

      **3.**      **Walmart's Requests for Admissions to Plaintiff.**

      Respectfully submitted, this the 5th day of April, 2023.

                      **WAL-MART STORES EAST, LP**

                  By:    */s/ Thomas M. Louis*
                           Thomas M. Louis  (MSB No. 8484)
                           Rajita Iyer Moss (MSB No. 10518)

**OF COUNSEL:**
**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a copy of this document was filed using the court's ECF system, which should have automatically emailed a copy to:

        Harry M. McCumber
        Morgan & Morgan, PLLC
        4450 Old Canton Road, Ste. 200
        Jackson, MS 39211
        hmccumber@forthepeople.com

        This the 5th day of April, 2023.


                                      */s/ Thomas M. Louis*
                                        Thomas M. Louis

**IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI**

**JANET TYSON**                                                    **PLAINTIFF**

**VS.**                                                    **CAUSE NO. CI-23-11**

**WAL-MART STORES EAST, LP;**
**and JOHN DOES 1-10**                                        **DEFENDANTS**

<u>**NOTICE OF SERVICE**</u>

       COMES NOW PLAINTIFF, Janet Tyson, by and through the undersigned counsel, and gives notice of service of the following:

    1.  *Plaintiff's responses to Defendant, Wal-Mart Stores East, LP, First Set of Request for Admissions.*

        **RESPECTFULLY SUBMITTED,** this the <u>4th</u> day of May, 2023.

                 JANET TYSON, PLAINTIFF


                 By: <u>*/s/ Harry M. McCumber*</u>
                    HARRY M. McCUMBER, Esq.

**Of Counsel:**

HARRY M. McCUMBER, (MSB# 10632)
Morgan and Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: (601) 718-0921
Fax: (601) 503-1650
hmccumber@forthepeople.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

  I, Harry M. McCumber, do hereby certify that I have this day served, via E-Mail, a true

and correct copy of the above and foregoing on:

Thomas M. Louis  (MSB No. 8484)
**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmar.com
*Attorney(s) for Defendant*


   This the 4th day of May, 2023.


         */s/ Harry M. McCumber*
         HARRY M. McCUMBER, ESQ.